# EXHIBIT 1

WINDELS MARX LANE & MITTENDORF, LLP
120 ALBANY STREET PLAZA
NEW BRUNSWICK, NEW JERSEY 08901
MARK A. SLAMA (023351987)
PHONE: (732) 846-7600 FAX: (732) 846-8877

Attorneys for Defendant JJP Contract
   Packaging d/b/a Plesh Contract Packaging

| | | |
|---|---|---|
| ARK SYNDICATE MANAGEMENT, | x | SUPERIOR COURT OF NEW JERSEY |
| LTD, subrogee of IDEAVILLAGE | : | LAW DIVISION:PASSAIC COUNTY |
| PRODUCT CORP., | : | Docket No.: PAS-L-3188-14 |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | **SUMMONS** |
| NEXSTAR HOLDING CORP, PRO- | : | |
| TOUCH OF TAMPA BAY, INC., JJP | : | |
| CONTRACT PACKAGING d/b/a | : | |
| PLESH CONTRACT PACKAGING, | : | |
| | : | |
| Defendants. | : | |
| | x | |
| JJP CONTRACT PACKAGING d/b/a | x | |
| PLESH CONTRACT PACKAGING, | : | |
| | : | |
| Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FOSDICK FULFILLMENT CORP., | : | |
| DISTRIBUTION ALTERNATIVES, | : | |
| INC., d/b/a DSS, GSI COMMERCE, | : | |
| INC., | : | |
| | : | |
| Third-Party Defendants. | : | |
| | x | |

From The State of New Jersey To The Defendant(s) Named Above: **Distribution Alternatives, Inc.**

   The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the

WINDELS MARX LANE
& MITTENDORF, LLP
120 ALBANY STREET PLAZA
NEW BRUNSWICK, N.J. 08901
(732) 846-7600

addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*Michelle M. Smith*
Michelle M. Smith
Clerk of the Superior Court

Dated: January 15, 2015

Defendant to Be Served:       Distribution Alternatives, Inc.
                             c/o Mark Chase, Registered Agent / Manager
                             9774 Calabash Avenue
                             Fontana, CA 92335

WINDELS MARX LANE
& MITTENDORF, LLP
120 ALBANY STREET PLAZA
NEW BRUNSWICK, N.J. 08901
(732) 846-7600

2                                                          {40556486:1}

PASSAIC SUPERIOR COURT
PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON            NJ 07505
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 247-8176
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:    AUGUST 28, 2014
                    RE:      ARK SYNDICATE MANAGEMENT LTD VS NEXSTAR HOL
                    DOCKET:  PAS L -003188 14

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON RUDOLPH A. FILKO

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (973) 247-8205.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDAN
WITH  R.4:5A-2.
                    ATTENTION:

                             ATT: MATTHEW P. ROSS
                             WILSON ELSER MOSKOWITZ E & D
                             200 CAMPUS DRIVE
                             4TH FLOOR
                             FLORHAM PARK     NJ 07932-0668

JUKIS

WINDELS MARX LANE & MITTENDORF, LLP
120 ALBANY STREET PLAZA
NEW BRUNSWICK, NEW JERSEY 08901
MARK A. SLAMA (023351987)
PHONE: (732) 846-7600  FAX: (732) 846-8877

Attorneys for Defendant JJP Contract
  Packaging d/b/a Plesh Contract Packaging

| | |
|---|---|
| ARK SYNDICATE MANAGEMENT, LTD, subrogee of IDEAVILLAGE PRODUCT CORP., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:PASSAIC COUNTY Docket No.: PAS-L-3188-14 |
| Plaintiffs, | CIVIL ACTION |
| vs. | |
| NEXSTAR HOLDING CORP, PRO-TOUCH OF TAMPA BAY, INC., JJP CONTRACT PACKAGING d/b/a PLESH CONTRACT PACKAGING, | ANSWER WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS, AND THIRD-PARTY COMPLAINT, ON BEHALF OF DEFENDANT JJP CONTRACT PACKAGING d/b/a PLESH CONTRACT PACKAGING |
| Defendants. | |
| JJP CONTRACT PACKAGING d/b/a PLESH CONTRACT PACKAGING, | |
| Third-Party Plaintiff, | |
| v. | |
| FOSDICK FULFILLMENT CORP., DISTRIBUTION ALTERNATIVES, INC., d/b/a DSS, GSI COMMERCE, INC., | |
| Third-Party Defendants. | |

RECEIVED
or Court of New Jersey
DEC 18 2014
Passaic County

Defendant, JJP Contract Packaging d/b/a Plesh Contract Packaging ("JJP"), by and through its undersigned attorneys, by way of Answer to the Complaint and Jury Demand of Plaintiff Ark Syndicate Management, LTD ("Ark Syndicate"), purported subrogee of Ideavillage Product Corp. ("Ideavillage," together with Ark Syndicate referred to as "Plaintiff"), states as follows:

WINDELS MARX LANE
& MITTENDORF, LLP
120 ALBANY STREET PLAZA
NEW BRUNSWICK, N.J. 08901
(732) 846-7600

{40550978:1}

## AS TO "JURISDICATION AND PARTIES"

1.     JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 1 of the Complaint.

2.     JJP is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 2 of the Complaint.

3.     JJP is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 3 of the Complaint.

4.     JJP is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 4 of the Complaint.

5.     JJP admits the allegations set forth in paragraph 5 of the Complaint.

6.     JJP denies the allegations set forth in paragraph 6 of the Complaint and refers all issues of law to the Court.

## AS TO "GENERAL ALLEGATIONS"

7.     JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 7 of the Complaint.

8.     JJP admits the allegations set forth at paragraph 8 of the Complaint.

9.     Upon information and belief, JJP admits the allegations set forth a paragraph 9 of the Complaint.

10.    JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 10 of the Complaint.

11.    JJP admits that JJP manufactured Crazy Coat and Detail Doctor in compliance with the specifications of Ideavillage, defendant Pro-Touch of Tampa Bay, Inc. ("Pro-Touch") and defendant Nexstar Holding Corp. ("Nexstar"), and JJP denies the remaining allegations set forth at paragraph 11 of the Complaint.

WINDELS MARX LANE
& MITTENDORF, LLP
120 ALBANY STREET PLAZA
NEW BRUNSWICK, N.J. 08901
(732) 846-7600

12.   JJP admits that it obtained a toxicology risk assessment report from Nexstar dated from November 2012, and otherwise JJP is without knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 12 of the Complaint.

13.   JJP denies the allegations set forth at paragraph 13 of the Complaint.

14.   JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 14 of the Complaint.

15.   JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 15 of the Complaint.

16.   JJP admits that Crazy Coat and Detail Doctor contained linseed oil in such quantities as called for in the formula provided, and otherwise JJP is without knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 16 of the Complaint.

17.   JJP denies the allegations set forth at paragraph 17 of the Complaint.

18.   JJP denies the allegations set forth at paragraph 18 of the Complaint.

19.   JJP admits the allegations set forth at paragraph 19 of the Complaint.

20.   JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 20 of the Complaint.

21.   JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 21 of the Complaint and refers all issues of law to the Court.

## AS TO COUNT ONE

22.   JJP repeats its responses to the allegations set forth at paragraphs 1-21 of the Complaint as if set forth at length.

WINDELS MARX LANE
& MITTENDORF, LLP
120 ALBANY STREET PLAZA
NEW BRUNSWICK, N.J. 08901
(732) 846-7600

23.   JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 23 of the Complaint.

24.   JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 24 of the Complaint.

25.   JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 25 of the Complaint and refers all issues of law to the Court.

26.   JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 26 of the Complaint.

27.   JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 27 of the Complaint.

28.   JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 28 of the Complaint.

**AS TO COUNT TWO**

29.   JJP repeats its responses to the allegations set forth at paragraphs 1-28 of the Complaint as if set forth at length.

30.   JJP admits that it manufactured Crazy Coat and Detail Doctor in compliance with the specifications of Ideavillage, Pro-Touch and Nexstar, and otherwise JJP denies the allegations set forth at paragraph 30 of the Complaint.

31.   JJP admits that it manufactured Crazy Coat and Detail Doctor in compliance with the specifications of Ideavillage, Pro-Touch and Nexstar, and otherwise JJP denies the allegations set forth at paragraph 31 of the Complaint and refers all issues of law to the Court.

32.   JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 32 of the Complaint.

WINDELS MARX LANE
& MITTENDORF, LLP
120 ALBANY STREET PLAZA
NEW BRUNSWICK, N.J. 08901
(732)846-7600

33. JJP denies the allegations set forth at paragraph 33 of the Complaint and refers all issues of law to the Court.

34. JJP denies the allegations set forth at paragraph 34 of the Complaint.

35. JJP denies the allegations set forth a paragraph 35 of the Complaint.

### AS TO COUNT THREE

36. JJP repeats its responses to the allegations set forth at paragraphs 1-35 of the Complaint as if set forth at length.

37. JJP admits that it manufactured Crazy Coat and Detail Doctor in compliance with the specifications of Ideavillage, Pro-Touch and Nexstar, and otherwise JJP denies the allegations set forth at paragraph 37 of the Complaint.

38. JJP denies the allegations set forth at paragraph 38 of the Complaint.

39. JJP denies the allegations set forth at paragraph 39 of the Complaint.

40. JJP admits that it manufactured Crazy Coat and Detail Doctor in compliance with the specifications of Ideavillage, Pro-Touch and Nexstar, and otherwise JJP denies the allegations set forth at paragraph 40 of the Complaint.

41. JJP admits that it manufactured Crazy Coat and Detail Doctor in compliance with the specifications of Ideavillage, Pro-Touch and Nexstar, and otherwise JJP denies the allegations set forth at paragraph 41 of the Complaint.

42. JJP denies the allegations set forth at paragraph 42 of the Complaint.

43. JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 43 of the Complaint.

44. JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 44 of the Complaint.

45.    JJP denies the allegations set forth at paragraph 45 of the Complaint and refers all issues of law to the Court.

46.    JJP denies the allegations set forth at paragraph 46 of the Complaint.

## AS TO COUNT FOUR

47.    JJP repeats its responses to the allegations set forth at paragraphs 1-46 of the Complaint as if set forth at length.

48.    JJP denies the allegations set forth at paragraph 48 of the Complaint.

49.    JJP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth at paragraph 49 of the Complaint.

50.    JJP denies the allegations set forth at paragraph 50 of the Complaint.

51.    JJP denies the allegations set forth at paragraph 51 of the Complaint.

52.    JJP denies the allegations set forth at paragraph 52 of the Complaint.

53.    JJP denies the allegations set forth at paragraph 53 of the Complaint.

54.    JJP denies the allegations set forth at paragraph 54 of the Complaint.

55.    JJP denies the allegations set forth at paragraph 55 of the Complaint.

56.    JJP denies the allegations set forth at paragraph 56 of the Complaint.

## AS TO COUNT FIVE

57.    JJP repeats its responses to the allegations set forth at paragraphs 1-56 of the Complaint as if set forth at length.

58.    JJP denies the allegations set forth at paragraph 58 of the Complaint.

59.    JJP admits that JJP manufactured, bottled and shipped Crazy Coat and Detail Doctor in compliance with the specifications of Ideavillage, Pro-Tech and Nexstar, and otherwise JJP denies the allegations set forth at paragraph 59 of the Complaint.

60.    JJP denies the allegations set forth at paragraph 60 of the Complaint.

WINDELS MARX LANE
& MITTENDORF, LLP
120 ALBANY STREET PLAZA
NEW BRUNSWICK, N.J. 09901
(732) 846-7600

{40550978:1}                6

61.    JJP denies the allegations set forth at paragraph 61 of the Complaint.

62.    JJP denies the allegations set forth at paragraph 62 of the Complaint.

**WHEREFORE,** defendant JJP Contracting Packaging d/b/a Plesh Contract Packaging demands judgment dismissing the Complaint with prejudice, awarding attorneys' fees and costs of suit, and such other relief as the Court may deem equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Ark Syndicate lacks standing to bring the captioned action.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred because of the acts and/or omissions about which Plaintiff complains and which allegedly caused it damages were committed by Ark Syndicate and/or Ideavillage, and/or by other parties outside of JJP's control.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the equitable doctrines of equitable estoppel and promissory estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiff has failed to mitigate its damages, if any.

WINDELS MARX LANE
& MITTENDORF, LLP
120 ALBANY STREET PLAZA
NEW BRUNSWICK, N.J. 08901
(732) 846-7600



## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred because some or all of Plaintiff's claims have been released.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of comparative negligence and the Joint Tortfeasors Act.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Ideavillage's breach of contractual and common law duties.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by an absence of contractual privity with JJP.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because JJP manufactured, produced and provided all products in accordance with the specifications, formulas and instructions of others.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any labels produced by JJP were produced in accordance with the specifications and instructions of others.

## FOURTEETH AFFIRMATIVE DEFENSE

JJP's actions or alleged omissions were not the proximate cause of Plaintiff's alleged damages.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

JJP owed no duty to Ask Syndicate or its purported subrogor in any contract, at law, or in equity.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the economic loss doctrine.

## CROSS-CLAIMS

### CLAIM FOR CONTRIBUTION

While denying any and all liability, JJP asserts a claim for contribution against all co-defendants in this matter pursuant to Rule 4:7-5(b).

### CLAIM FOR INDEMNITY

While denying any and all liability, JJP asserts a claim for indemnity against all co-defendants pursuant to Rule 4:7-5(b).

### DEMAND FOR STATEMENT OF DAMAGES

Pursuant to Rule 4:5-2, JJP demands a written statement of the amount of damages claimed by Plaintiff, within five days hereof.

**WINDELS MARX LANE & MITTENDORF, LLP**

By: _____

MARK A. SLAMA
120 Albany Street Plaza
New Brunswick, New Jersey 08901
(732) 846-7600
Attorneys for Defendant
  JJP Contract Packaging d/b/a Plesh
  Contract Packaging

Dated: December 18, 2014

WINDELS MARX LANE
& MITTENDORF, LLP
120 ALBANY STREET PLAZA
NEW BRUNSWICK, N.J. 08901
(732) 846-7600

{40550978:1}

9

## THIRD PARTY COMPLAINT

Defendant and Third-Party Plaintiff JJP Contract Packaging d/b/a Plesh Contract Packaging, by and through its undersigned attorneys, as and for its third-party complaint, states:

## NATURE OF ACTION

1.     This third-party action seeks contribution and indemnification from three entities that performed the final packaging on the product at issue.   While the third-party plaintiff denies any liability to plaintiff, including any liability allegedly caused by faulty labeling, to the extent any such liability is found, the third-party defendants must contribute to any damage award.

## PARTIES

2.     Defendant and Third-Party Plaintiff JJP Contract Packaging d/b/a Plesh Contract Packaging ("JJP") is a New York domestic business corporation with a principal place of business located at 711 Northland Avenue, Buffalo, New York 14211.

3.     Third-Party Defendant Fosdick Fulfillment Corp. ("Fosdick") is, upon information and belief, a Connecticut Corporation with a place of business at 26 Barnes Industrial Road North, Wallingford, Connecticut 06492.

4.     Third-Party Defendant Distribution Alternatives, Inc., d/b/a DSS ("DSS") is, upon information and belief, a business entity with a place of business located at 9774 Calabash Avenue, Fontana, California 92335.   Upon further information and belief, DSS is a cosignee on imports for plaintiff-subrogee Ideavillage Product Corp. ("Ideavillage").

5.     Third-Party Defendant GSI Commerce, Inc. ("GSI", together with Fosdick and DSS, referred to hereafter as the "Third-Party Defendants") is, upon information and belief, a

WINDELS MARX LANE
& MITTENDORF, LLP
120 ALBANY STREET PLAZA
NEW BRUNSWICK, N.J. 08901
(732) 846-7600

Delaware corporation with a place of business located at 10303 Norris Avenue, Pacoima, California 91331.

## BACKGROUND

6.   JJP manufactured products sold under the names "Crazy Coat" and "Detail Doctor" in compliance with the specifications of Ideavillage, defendant Pro-Touch of Tampa Bay, Inc. ("Pro-Touch") and defendant Nexstar Holding Corp. ("Nexstar").

7.   At the direction of Ideavillage, JJP shipped Crazy Coat and Detail Doctor manufactured by JJP to the Third-Party Defendants, who completed the packaging.

8.   The packaging performed by the Third-Party Defendants included the kit box, within which the bottle of Crazy Coat and Detail Doctor was placed.

9.   Any labels placed upon the kit boxes for the Crazy Coat and Detail Doctor manufactured by JJP would have been placed by the Third-Party Defendants, at the direction of Ideavillage and others over which JJP had no control or right to control.

10.   Any labeling observed by the end users of Crazy Coat and Detail Doctor on retail shelves would have been labeling placed by the Third-Party Defendants, and not by JJP.

WHEREFORE, Third-Party Plaintiff JJP Contract Packing d/b/a/ Plesh Contract Packaging demands judgment for common law contribution and indemnity against the Third-Party Defendants, along with attorneys' fees, costs of suit, and such other relief as the Court may

WINDELS MARX LANE
& MITTENDORF, LLP
120 ALBANY STREET PLAZA
NEW BRUNSWICK, N.J. 08901
(732) 846-7600

{40550978:1}                                        11

deem equitable and just.

**WINDELS MARX LANE & MITTENDORF, LLP**

By: _____

MARK A. SLAMA
120 Albany Street Plaza
New Brunswick, New Jersey 08901
(732) 846-7600
Attorneys for Third-Party Plaintiff
JJP Contract Packaging d/b/a Plesh
Contract Packaging

Dated: December 18, 2014

WINDELS MARX LANE
& MITTENDORF, LLP
120 ALBANY STREET PLAZA
NEW BRUNSWICK, N.J. 08901
(732) 846-7600

{40550978:1}                                12

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify, in accordance with Rule 4:5-1, that the matter in controversy is not, to the best of my knowledge, information and belief, the subject of any other action in any court or the subject of an arbitration proceeding, now pending or contemplated and further certify that no other parties should be joined in this action. I further certify that the Answer by this defendant was served upon Plaintiff's counsel within the time provided by the Rules of the Court, as extended by consent of the parties.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  December 18, 2014

WINDELS MARX LANE & MITTENDORF, LLP

By: _____
MARK A. SLAMA

120 Albany Street Plaza
New Brunswick, New Jersey 08901
(732) 846-7600
Attorneys for Defendant
JJP Contract Packaging d/b/a Plesh
Contract Packaging

WINDELS MARX LANE
& MITTENDORF, LLP
120 ALBANY STREET PLAZA
NEW BRUNSWICK, N.J. 08901
(732) 846-7600

{40550978:1}                    13