# EXHIBIT 2

Wilson Elser Moskowitz Edelman & Dicker, LLP
Eric Evans, Esq. (Id. No. 35972006)
200 Campus Drive, Fourth Floor
Florham Park, New Jersey 07932
Tel: (973) 624-0800   Fax:  (973) 624-0808
Attorneys for Plaintiff

| | | |
|---|---|---|
| ARK SYNDICATE MANAGEMENT, LTD, subrogee of IDEAVILLAGE PRODUCT CORP., | : : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, PASSAIC COUNTY |
| Plaintiff, | : : | DOCKET NO.: 3188-14 |
| v. | : : | Civil Action |
| NEXSTAR HOLDING CORP, PRO-TOUCH OF TAMPA BAY, INC., JJP CONTRACT PACKAGING d/b/a PLESH CONTRACT PACKAGING, | : : : : : | **SUMMONS** |
| Defendants. | : : | |

FROM THE STATE OF NEW JERSEY
To the Defendant named above: **JJP Contract Packaging, Inc. (d/b/a Plesh Contract Packaging)**

     The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to attached to this Summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971 Trenton, NJ 08625.  A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

     If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

_/s/ Michelle M. Smith_____
_Clerk of the Superior Court_

Dated:  September 23, 2014

Name of Defendant to be Served:   **JJP Contract Packaging, Inc. (d/b/a Plesh Contract Packaging).**

Address of Defendant to be Served:   711 Northland Avenue
Buffalo, New York 14211

_1819605v.1_

# Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl.,  Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records,  Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

Appendix XII-B1

## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
Pleading will be rejected for filing, under Rule 1:5-6(c), if
information above the black bar is not completed or
attorney's signature is not affixed

| FOR USE BY CLERKS OFFICE ONLY |
|---|
| PAYMENT TYPE ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Eric Evans, Esq. | (973) 624-0800 | Passaic |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Wilson Elser Moskowitz Edelman & Dicker, LLP | L- 3188-14 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 200 Campus Drive | Amended Answer |
| Florham Park, New Jersey | JURY DEMAND  ☒ YES   ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Ark Syndicate Management LTD., as Subrogee of Ideavillage Product Corp. | Ark Syndicate Management LTD v. Nexstar Holding Corp., et. al. |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|
| 606 | IF YOU HAVE CHECKED "YES", SEE N.J.S.A. 2A-53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?  ☐ YES   ☒ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ YES   ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE  ☒ UNKNOWN |
|---|---|

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☒ YES   ☐ NO | IF YES, IS THAT RELATIONSHIP ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☒ BUSINESS |
|---|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY ☐ YES ☒ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES  ☒ NO | IF YES, please identify the requested accommodation |
|---|---|---|
| | WILL AN INTERPRETER BY BE NEE4DED? ☐ YES  ☒ NO | IF YES, for what language? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b)

ATTORNEY SIGNATURE

Effective 05-07-2012, CN 10517-English
of 2

page 1

RECEIVED & FILED
SUPERIOR COURT OF NEW JERSEY

AUG 1 8 2014

PASSAIC COUNTY

## CIVIL CASE INFORMATION STATEMENT
### (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side)

### Track I – 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (including declaratory judgment actions) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM (coverage issues only) |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (summary action) |
| 999 | OTHER (briefly describe nature of action) |

### Track II – 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603N | AUTO NEGLIGENCE- PERSONAL INJURY (non-verbal threshold) |
| 603Y | AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold) |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 621 | UM or UIM CLAIM (includes bodily injury) |
| 699 | TORT – OTHER |

### Track III – 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track III – Active Case Management by Individual Judge / 450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

### Centrally Managed Litigation (Track IV)
| | | | |
|---|---|---|---|
| 285 | STRYKER TRIDENT HIP IMPLANT | 291 | PELVIC MESH/GYNECARE |
| 288 | PRUDENTIAL TORT LITIGATION | 292 | PELVIC MESH/BARD |
| 289 | REGLAN | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| | | 623 | PROPECIA |

### Mass Tort (Track IV)
| | | | |
|---|---|---|---|
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 271 | ACCUTANE/ISOTRETINOIN | 282 | FOSAMAX |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 284 | NUVARING |
| 278 | ZOMETA/AREDIA | 286 | LEVAQUIN |
| 279 | GADOLINIUM | 287 | YAZ/YASMIN/OCELLA |
| | | 601 | ASBESTOS |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1 in the space under "Case Characteristics.

**Please check off each applicable category**    ☐ Putative Class Action    ☐ Title 59

```
PASSAIC SUPERIOR COURT
PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON            NJ 07505
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 247-8176
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   AUGUST 28, 2014
                    RE:     ARK SYNDICATE MANAGEMENT LTD VS NEXSTAR HOL
                    DOCKET: PAS L -003188 14

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON RUDOLPH A. FILKO

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       001
AT:  (973) 247-8205.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDAN
WITH  R.4:5A-2.
                    ATTENTION:

                              ATT: MATTHEW P. ROSS
                              WILSON ELSER MOSKOWITZ E & D
                              200 CAMPUS DRIVE
                              4TH FLOOR
                              FLORHAM PARK     NJ 07932-0668
JUKIS
```

Wilson Elser Moskowitz Edelman & Dicker, LLP
Eric Evans, Esq. (Id. No. 35972006)
200 Campus Drive, Fourth Floor
Florham Park, New Jersey 07932
Tel: (973) 624-0800   Fax:  (973) 624-0808
Attorneys for Plaintiff

RECEIVED & FILED
SUPERIOR COURT OF NEW JERSEY
AUG 18 2014
PASSAIC COUNTY

ARK SYNDICATE MANAGEMENT,
LTD, subrogee of IDEAVILLAGE
PRODUCT CORP.,

     Plaintiff,

v.

NEXSTAR HOLDING CORP,
PRO-TOUCH OF TAMPA BAY, INC.,
JJP CONTRACT PACKAGING d/b/a
PLESH CONTRACT PACKAGING,

     Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: PASSAIC COUNTY

DOCKET NO.: PAS-L- 3188-14

CIVIL ACTION

COMPLAINT AND JURY DEMAND

Plaintiff, ARK SYNDICATE MANAGEMENT LTD. as subrogee of Ideavillage, by and through its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, hereby submits its Complaint against defendants Nexstar, Pro-Touch, and Plesh Contracting, and Plaintiff states and alleges as follows:

## JURISDICTION AND PARTIES

1. Plaintiff, Ark Syndicate Management, Ltd., (hereinafter referred to as "Ark") is a London company with its principal place of business located at 30 Fenchurch Avenue, London, England EC3M 5AD.

1

95140v.1

2.      Subrogor Ideavillage Products Corp is a Domestic Profit Corporation with a home jurisdiction in New Jersey with a principal place of business located at 155 Route 46 West, 4th Floor, Wayne, NJ 07470.

3.      Defendant Nexstar Holding Corp. is a New York domestic business corporation with a principal place of business located at 275 Northpointe Parkway, Suite #100, Amherst, New York, 14228-1895.

4.      Defendant Pro-Touch of Tampa Bay, Inc., is a Florida profit corporation with its principal place of business located at 818 Stanberry Drive, Suite A, Brandon, FL 33511.

5.      Defendant JJP Contract Packaging, Inc., d/b/a Plesh Contract Packaging, is a New York domestic business corporation with a principal place of business located at 711 Northland Avenue, Buffalo, New York 14211.

6.      The Court has jurisdiction over the parties and subject matter herein, and venue is proper in Passaic County, New Jersey.

## GENERAL ALLEGATIONS

7.      Ideavillage Product Corp., (hereinafter "Ideavillage") licensed the rights to a product called Detail Doctor in 2012 from Defendant ProTouch of Tampa Bay, Inc., (hereinafter "ProTouch").

8.      Detail Doctor is an instant restorer of color and shine for leather, vinyl and plastic inside a vehicle.

9.      Prior to entering into an agreement with Ideavillage, ProTouch had sold the Detail Doctor product in and around Florida for eleven years and marketed it under the name "Vinyl Magic".

2

10.     After the parties entered into the licensing agreement, ProTouch developed a formula with a chemist from Nexstar for the mass distribution of the product to consumers.

11.     JPP Contract Packaging and/or Nexstar Holding Corp. manufactured the product.

12.     The product was tested prior to licensing it from ProTouch. Ideavillage obtained a toxicology risk assessment report which was issued in November of 2012 to Nexstar Holdings.

13.     Ideavillage did not make any changes to the formulation.

14.     The label and packaging information was provided and approved by ProTouch and was also approved by Nexstar.

15.     Ideavillage began to ship retail mail orders for Detail Doctor in January/February of 2013.

16.     The product contained linseed oil which caused the sponge and/or other applicators to smolder if they were not rinsed off.

17.     There were no warnings or explanations as to what would happen if the applicators were not properly rinsed.

18.     As a result of the defective product, the applicators began to spontaneously combust, thereby necessitating a recall of the product Ideavillage.

19.     Ideavillage instituted a voluntary recall of the product.

20.     Ark Syndicate Management, Ltd., pursuant to the contract of insurance, paid money to and/or on behalf of its insured for the recall of the product.

21.     Plaintiff Ark Syndicate Management, Ltd., is contractually and equitably subrogated to those monies they have paid.

3

95140v.1

## COUNT ONE
### (Breach of Contract – Pro-Touch of Tampa Bay, Inc.)

22.     Plaintiffs repeat and allege the allegations contained in the foregoing paragraphs as it set forth fully at length herein.

23.     The Defendant Pro-Touch of Tampa Bay, Inc., entered into a contract with Ideavillage to provide the license for the right to manufacture, use, sell, have sold, offer for sale, promote, market, import, advertise, exploit and otherwise distribute the "Vinyl Magic" product.

24.     The Defendant ProTouch of Tampa Bay, Inc., agreed to indemnify, release and hold Ideavillage harmless against any and all claims, lawsuits, costs (including reasonable attorney's fees and expenses), liabilities, damages, fines, settlements, losses or other expense incurred by or asserted against Plaintiff arising from (i) any defects [manufacturing or otherwise] of the product or the product's formulations or recipes, (ii) any injuries, skin irritations, adverse reactions, health conditions or aliments caused by the product arising from the product claims, relating to performance, functionality and/or use of the product, (ii) licensor's breach of any of the representations, warranties or covenants in the letter of intent or (iii) licensor's own negligence or the negligence of its employees, subcontractors, agents or others acting on its behalf.

25.     Defendant ProTouch agreed to carry product liability insurance covering the losses referenced in paragraph 24 above for a minimum amount of two million U.S. Dollars ($2,000,000) with Ideavillage named as an additional insured.

26.     Defendant ProTouch of Tampa Bay, Inc., breached this contract by failing to indemnify, release and hold Ideavillage harmless against all claims, lawsuits, costs, liabilities,

4

damages, fines, settlements, losses or other expenses incurred by Ideavillage arising from the defect of the product.

27.      Ideavillage substantially complied with its part of the contract.

28.      Plaintiff incurred damages as a result of Defendant ProTouch of Tampa Bay, Inc.'s breach of the contract.

## COUNT TWO
**(Negligence - JPP Contract Manufacturing and/or Nexstar Holding Corp.)**

29.      Plaintiff repeats and alleges the allegations contained in the foregoing paragraphs as if set forth fully at length herein.

30.      Defendants JPP Contract Manufacturing and/or Nexstar Holding Corp. designed, manufactured and sold the product in question.

31.      Defendants JPP Contract Manufacturing and/or Nexstar Holding Corp. owed Ideavillage a duty to exercise reasonable care to prevent the product from creating an unreasonable risk of harm.

32.      The product was being used in the manner Defendants might have reasonably expected.

33.      Defendants JPP Contract Manufacturing and/or Nexstar Holding Corp. owed Ideavillage a duty to properly design, manufacture, assemble, prepare, test, package and label the product as well as to develop the means and method necessary for the proper application of the product as a reasonably careful manufacturer or seller engaged in the same business would do.

34.      Defendants JPP Contract Manufacturing and/or Nexstar Holding Corp. breached their duty of care to Ideavillage.

5

35.    As a direct and proximate result of Defendants' actions and/or omissions, the Plaintiff has incurred injuries, damages and losses.

## COUNT THREE
**(Strict Liability – JPP Contract Manufacturing and/or Nexstar Holding Corp.)**

36.    Plaintiff repeats and alleges the allegations contained in the foregoing paragraphs as if set forth fully at length herein.

37.    At all times relevant, Defendants designed, manufactured, assembled, prepared, tested, packaged and labeled the product.

38.    Defendants developed and prepared the means and methods necessary for the application of the product.

39.    Defendants were engaged in the business of selling the product for resale.

40.    Defendants had a duty to use ordinary care in the design, manufacture, assembly, preparation, testing, packaging, labeling and development of the product so that it would be reasonably safe for the use for which is it intended or which could reasonably be anticipated.

41.    Ordinary care must be exercised by Defendants to design the product in such a way that the product was reasonably safe for the ordinary consumer who possesses knowledge common to the community as to the product's characteristics.

42.    Defendants sold the product in the condition that was defective.  The product was unreasonably dangerous to the user or consumer.

43.    Ideavillage and its customers were entities/people that might reasonably be expected to use or be affected by the product.

44.    The product was expected to and did reach the user or consumer, without substantial change in the condition in which it was sold.

6

45.     Pursuant to the common law and/or New Jersey Product Liability Act, N.J.S.A. 2A:58-C, *et. seq.*, the product was defective at the time it was sold by Defendants or left their control.

46.     As a direct and proximate result of the defective, deficient and unreasonably dangerous condition of the product, the Plaintiff has incurred injuries, damages and losses.

## COUNT FOUR
**(Breach of Express and Implied Warranties - JPP Contract Manufacturing and/or Nexstar Holding Corp.)**

47.     Plaintiff repeats and alleges the allegations contained in the foregoing paragraphs as it set forth fully at length herein.

48.     Defendants JPP Contract Manufacturing and/or Nexstar Holding Corp. sold the product.

49.     Ideavillage and its customers were people/entities that were reasonably expected to use or be affected by the product.

50.     In manufacturing, distributing, marketing and selling the product, Defendants expressly and impliedly warranted that it was fit, safe and proper for its specific and intended use and purpose and that it was of merchantable quality.

51.     Plaintiff and its insured relied on Defendants' skill or judgment to select a suitable product.

52.     Defendants made representations of fact or promises related to the product and expressly warranted the product would conform to those representations or promises.

53.     The subject product was not as warranted and was not of a merchantable quality at the time of sale.

7

95140v.1

54.     Defendants breached their express warranties and implied warranties of fitness and merchantability.

55.     Within a reasonable time after Ideavillage discovered the above referenced breach of warranties, they notified Defendants of such breach.

56.     As a direct and proximate result of Defendants' breach of warranties, Plaintiff has incurred injuries, damages and losses.

### COUNT FIVE
**(Failure to Warn - JPP Contract Manufacturing and/or Nexstar Holding Corp.)**

57.     Plaintiff repeats and alleges the allegations contained in the foregoing paragraphs as it set forth fully at length herein.

58.     At all times relevant, Defendants were the manufacturer of the product and were in the business of selling such products.

59.     Defendants knew, or in the exercise of reasonable care, should have known that the use of the product might be harmful or injurious to a user or consumer, and such risk of harm or injury was not obvious to a reasonable user or consumer.

60.     Defendants had a duty to give adequate warning of the potential danger of the product, including a duty to provide an adequate warning to dangers inherent in use and the duty to provide adequate instructions for safe use.

61.     Defendants failed to use reasonable care to warn the user or consumer of the risk of harm or injury as a reasonably careful person would have done under het same or similar circumstances.

62.     Defendants' failure to warn was negligent and a direct and proximate result of Defendants' actions and/or omissions, the Plaintiff has incurred injuries, damages and losses.

8

95140v.1

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

1. For damages in an amount to be proven at trial.

2. For interest, costs and attorney fees allowable by law; and,

3. For such other and further relief as the Court deems just and proper.

## CERTIFICATE PURSUANT TO R. 4:5-1

I hereby certify that the matter in controversy is not the subject of any other action pending in any court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated.  I further certify that there is/are no other parties who should be joined in the within action.

## DESIGNATION OF TRIAL COUNSEL

Subject to an Order entered by the Court otherwise permitting, Matthew P. Ross, Esq. of Wilson Elser Moskowitz Edelman & Dicker, LLP, is designated as trial counsel pursuant to R. 4:25-4.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues in the action.

DATED this 13th day of August, 2014.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP
Attorneys for Plaintiff

Eric Evans, Esq. (Id No. 35972006)

9

95140v.1