UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARK SYNDICATE MANAGEMENT, LTD., <br><br> Plaintiff, <br><br> v. <br><br> NEXSTAR HOLDING CORP., et al., <br><br> Defendants. | Civil Action No. 15-1295 (CCC) <br><br><br> REPORT & RECOMMENDATION |
| JJP CONTRACT PACKAGING d/b/a PLESH CONTRACT PACKAGING, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> FOSDICK FULLFILLMENT CORP., et al., <br><br> Third-Party Defendants. | |

**CLARK, Magistrate Judge**

This matter having been opened by the Court *sua sponte* during the initial scheduling conference held in this matter on April 8, 2015; and the Court having expressed concern over whether this action was properly removed to federal court; and the Court having issued an Order to Show Cause on April 27, 2015 instructing the parties to submit a joint letter on the issue by May 11, 2015; and the parties having failed to do so; and for the reasons that follow, it is respectfully recommended that this action be REMANDED to state court on the basis of improper removal by a Third-Party Defendant.

**BACKGROUND**

Plaintiff Ark Syndicate Management, Ltd. ("Plaintiff") filed the Complaint in this matter

1

on August 18, 2014 in the Superior Court of New Jersey, Passaic County, asserting various tort claims in connection with an allegedly defective automotive cleaning product. *See Compl.*; Docket Entry No. 1-3.  On December 18, 2014, Defendant JJP Contract Packaging d/b/a Plesh Contract Packaging ("JJP") filed an answer to Plaintiff's complaint and filed a third-party complaint against Third-Party Defendants Fosdick Fulfillment Corp. ("Fosdick"), Distribution Alternatives, Inc., d/b/a DSS ("DSS") and GSI Commerce, Inc. ("GSI"). *See Answer*; Docket Entry No. 1-2.

On February 19, 2015, Third-Party Defendant DSS removed this matter to federal court on the basis of diversity jurisdiction.  On April 27, 2015, the Court issued an Order to Show Cause ("OTSC") based upon its concerns surrounding the propriety of a removal effectuated by a Third-Party Defendant.   The OTSC noted that removal to federal court by Third-Party Defendants is generally not contemplated by 28 U.S.C. § 1441, but that a minority of courts will allow a third-party complaint to serve as the basis for federal jurisdiction, as long as those claims are "separate and independent" from the original claims. *See OTSC* at 2-3; Docket Entry No. 29. The OTSC further noted that the claims in the third-party complaint were unlikely to be considered "separate and independent" in this matter, but permitted the parties to brief the issue. The parties' letter was due on May 11, 2015 and to date, the Court has not received any submission from the parties.  As such, it shall recommend remand of this matter for the reasons set forth in the OTSC.

## ANALYSIS

It is well established that federal courts have a continuing responsibility to raise the issue of subject matter jurisdiction *sua sponte* whenever it is in question. Fed.R.Civ.P. 12(h)(3). *See also Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002).  Further, a Court shall dismiss an action where it appears that the Court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).  "When

the propriety of the removal is challenged, the burden is on the defendant to show that removal is proper, and the Court is obligated to strictly construe the removal statutes against removal and resolve any doubts in favor of remand." *Hackensack Univ. Med. Ctr. v. Lagno*, 2006 U.S. Dist. LEXIS 80497 at 5 (D.N.J. Nov. 3, 2006), citing *Entrekin v. Fisher Scientific, Inc*., 146 F. Supp. 2d 594, 604 (D.N.J. 2001) (internal quotations omitted).

In the absence of any argument to the contrary by the parties, the Court finds that this action should be remanded for improper removal for the reasons set forth in the Court's April 27th OTSC.

## CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to FED.R.CIV.P.78;

IT IS on this 21st day of May, 2015,

RECOMMENDED that this action [Civil Action No. 15-1295] be REMANDED pursuant to Fed.R.Civ.P. 12(h)(3).

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

 s/James B. Clark, III  
**HONORABLE JAMES B. CLARK, III**  
**UNITED STATES MAGISTRATE JUDGE**